IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD T. BROWN, | ) | CASE NO. 1:14 CV 2479 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

**Introduction**

**A.     Nature of the case and proceedings**

Before me[1] is an action by Richard T. Brown under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security denying his applications for disability insurance benefits and supplemental security income.[2] The Commissioner has answered[3] and filed the transcript of the administrative record.[4] Under my initial[5] and

---

[1] ECF # 18. The parties have consented to my exercise of jurisdiction.

[2] ECF # 1.

[3] ECF # 12.

[4] ECF # 13.

[5] ECF # 7.

procedural[6] orders, the parties have briefed their positions[7] and filed supplemental charts[8] and the fact sheet.[9] After review of the briefs, the issues presented, and the record, it was determined that this case can be decided without oral argument.

**B.      Background facts and decision of the Administrative Law Judge ("ALJ")**

Brown, who was 26 years old at the time of the administrative hearing,[10] graduated high school and completed some course work in special education.[11] He was last employed as an industrial cleaner in 2011.[12]

The ALJ, whose decision became the final decision of the Commissioner, found that Brown had the following severe impairments: bipolar disorder, borderline intellectual functioning, anxiety disorder, and history of polysubstance abuse.[13]

After concluding that the relevant impairments did not meet or equal a listing, the ALJ made the following finding regarding Brown's residual functional capacity ("RFC"):

---

[6] ECF # 14.

[7] ECF # 16 (Brown's brief); ECF # 19 (Commissioner's brief); ECF # 20 (Brown's reply brief).

[8] ECF # 16-1 (Brown's charts); ECF # 19-1 (Commissioner's charts).

[9] ECF # 15 (Brown's fact sheet).

[10] *Id.* at 1.

[11] *Id.*

[12] ECF # 13, Transcript ("Tr.") at 212.

[13] *Id.* at 22.

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity (20 CFR 404.1545 and 416.945) to perform a full range of work at all exertional levels but with the following nonexertional limitations: he can perform simple, routine tasks in a low stress environment (no fast pace, strict quotas, frequent duty changes, or jobs that require reading writing, or arithmetic), in a non-public setting involving superficial interpersonal interactions with co-workers and supervisors (20 CFR 404.1569a and 416.969a).[14]

Given that residual functional capacity, the ALJ found Brown capable of his past relevant work as an industrial cleaner.[15]

Based on an answer to a hypothetical question posed to the vocational expert at the hearing setting forth the residual functional capacity finding quoted above, the ALJ determined alternatively that a significant number of jobs existed locally and nationally that Brown could perform.[16] The ALJ, therefore, found Brown not under a disability.[17]

**C.     Issue on judicial review and decision**

Brown asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Brown presents the following issue for judicial review:

> Whether substantial evidence supports the ALJ's residual functional capacity finding where the ALJ did not explain the omission of restrictions opined by the State agency physicians that formed the basis of the residual functional capacity.

---

[14] *Id.* at 24.

[15] *Id.* at 27.

[16] *Id.* at 29.

[17] *Id.*

For the reasons that follow, I will conclude that the ALJ's residual functional capacity finding is not supported by substantial evidence, and therefore must be remanded.

## Analysis

**A.     Standards of review**

*1.     Substantial evidence*

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[18]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the

---

[18] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

Commissioner survives "a directed verdict" and wins.[19] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[20]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

**B.    Application of standards**

This case presents a single question concerning the RFC.  As formulated, Brown argues that the RFC is not supported by substantial evidence because it does not include two mental restrictions that were mentioned by State agency reviewing physicians, despite the fact that the opinions of these sources were given "some weight" by the ALJ and otherwise were largely relied upon in determining the RFC.[21]

As noted above, the ALJ found that Brown had the residual functional capacity to perform a full range of work at all exertional levels, but with non-exertional limitations in the following areas: he can perform simple, routine tasks in a low stress environment (no fast pace, strict quotas, frequent duty changes or jobs that require reading, writing and arithmetic), in a non-public setting involving superficial interpersonal interactions with co-workers and supervisors.[22] Brown maintains that the additional non-exertional limitations

---

[19] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06CV403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[20] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

[21] ECF # 16 at 5-6.

[22] Tr. at 24.

should have included a need for occasional redirection at work, and a need to have tasks occasionally explained.[23]

In that regard, Brown notes that these additional restrictions were included in the opinions of Aracelis Rivera, Psy. D.,[24] and Vicki Warren, Ph.D.,[25] two state agency reviewing sources, whose opinions were given "some weight" by the ALJ "to the extent they are consistent with the evidence of record."[26] Significantly, the ALJ went on to observe that the opinions of these sources that Brown has "moderate difficulties in concentration, persistence and pace is supported by the objective evidence."[27]

The importance here of the omitted restriction as to redirection is highlighted by an exchange with the VE, where the VE testified that no work would exist for an individual with that restriction incorporated into the RFC.[28] Moreover, this case arises in the context of case authority construing *Ealy v. Commissioner of Social Security*,[29] which notes that a general limitation to simple, repetitive, non-skilled work may not be sufficient if the medical source

---

[23] ECF # 16 at 5-6.

[24] Tr. at 98-101.

[25] *Id*. at 118-121.

[26] *Id*. at 27.

[27] *Id*. (citing record).

[28] *Id*. at 54-55.

[29] *Ealy v. Comm'r of Soc. Sec.,* 594 F.3d 504 (6th Cir. 2010).

opinions relied on by the ALJ incorporate additional limitation as to duration and pace that are not specifically dealt with in the RFC.[30]

But, as I further noted in the later decided case of *Pierce v. Commissioner of Social Security,*[31] the case law applying *Ealy* remains somewhat "fluid," and courts have been reluctant to adopt a "bright line rule" that a restriction to "simple repetitive tasks"in a matter involving moderate impairment in the area of concentration, persistence and pace must necessarily be inadequate where the claimant is experiencing "difficulty responding appropriately to stress or pressure in the workplace or adapting to changes in the work environment."[32]

Rather, I suggested in *Pierce*, the analysis as to whether more specific limitations need to be included in the RFC must "address the underlying source of the claimant's impairment," because, for example, a restriction to a low stress work environment would not be a sufficient RFC limitation "where stress did not cause the claimant's difficulties with concentration, persistence or pace."[33]

In the present case, it is by no means clear that the RFC restricting Brown to simple, routine tasks in a low-stress, non-public environment addresses the limitations found by the

---

[30] *See, Salem v. Comm'r of Soc. Sec.,* 2014 WL 1304933, at * 3 (N.D. Ohio Mar. 27, 2014).

[31] *Pierce v. Comm'r of Soc. Sec.,* 2014 WL 3787187 (N.D. Ohio July 31, 2014)(Report and Recommendation adopted by the district court).

[32] *Id.* at * 6 (citations omitted),

[33] *Id.* (citation omitted).

reviewing sources that point to the need for occasionally redirecting Brown at work, or for someone to be available to occasionally explain the tasks. While, arguably, the concern about explaining the work might be somewhat addressed by the limitation to routine work that does not vary or require additional explanations, the problem expressed by the reviewing sources as a need to occasionally redirect Brown's focus at work is not obviously addressed by the present RFC. Indeed, by currently limiting Brown to only "superficial" interactions with co-workers and supervisors, the present RFC seems to preclude the very vocational assistance the reviewing sources thought to be required.

In sum, there is not sufficient articulation in the ALJ's opinion to support the RFC as written. In particular, the RFC's restrictions to simple, low stress and routine work with limited interaction with others do not specifically address the exact limitation of a periodic loss of focus and the need for redirection, which limitations were found by medical opinions that, in this area, the ALJ concluded were "supported by objective evidence."[34]

## Conclusion

Therefore, the decision of the Commissioner is reversed and the matter remanded, as detailed above, for reconsideration of and further articulation with respect to the RFC finding.

IT IS SO ORDERED.

Dated: March 4, 2016                                         s/ William H. Baughman, Jr.
                                                             United States Magistrate Judge

---

[34] Tr. at 27.